UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ALVIN A. JOSEPH,<br><br>    Defendant. | CASE NO. CR08-5012BHS<br><br>ORDER DENYING MOTION IN LIMINE TO SUPPRESS STATEMENTS |

This matter comes before the Court on Defendant's Motion in Limine to Suppress Statements (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion, the argument of counsel at the suppression hearing, the parties' supplemental briefing, and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND AND DISCUSSION**

Defendant moves to suppress statements made after he was given *Miranda* warnings. Dkt. 15. Defendant contends that his inculpatory question to Officer Daniel Long after Mr. Joseph was advised of his *Miranda* rights by Sergeant John Rosenquist should be suppressed because Sergeant Rosenquist's *Miranda* warnings were inadequate and because Mr. Joseph did not waive his right to remain silent. Specifically, Mr. Joseph contends that Sergeant Rosenquist did not confirm whether Mr. Joseph heard or

ORDER - 1

understood the *Miranda* warnings and did not confirm whether Mr. Joseph was willing to waive his rights. Dkt. 35 at 1-2.

A defendant's waiver of *Miranda* rights may either be express or implied but must be knowing, voluntary, and intelligent. *See United States v. Younger*, 398 F.3d 1179, 1185 (9th Cir. 2005). There is a presumption against waiver of *Miranda* rights. *Id.* The burden of overcoming this presumption is "heavy." *United States v. Rodriguez*, --- F.3d ----, 2008 WL 623982, at *2 (9th Cir. March 10, 2008). To determine whether there is a valid waiver of rights, courts consider the totality of the circumstances. *Younger*, 398 F.3d at 1185. In this case, the totality of the circumstances relevant to the instant motion is as follows:

While Mr. Joseph did not acknowledge Sergeant Rosenquist's recitation of rights, Sergeant Rosenquist assumed that Mr. Joseph heard his *Miranda* rights because Sergeant Rosenquist spoke loud enough and clearly. Mr. Joseph did not invoke his right to remain silent and instead asked Sergeant Rosenquist why he was being removed from the vehicle and why he was being searched. Later, when speaking with Officer Long, Mr. Joseph challenged whether the police had authority to detain him.

There are several considerations that would have warranted an inquiry into Mr. Joseph's mental state to ensure that he understood the rights he was allegedly waiving: Mr. Joseph was across the street from a suspected drug house, Mr. Joseph reported that he had been drinking and had passed out in the vehicle, the driver of the vehicle was reportedly on a three-day "crack binge," and some of Mr. Joseph's statements to the police were overly personal in nature. At the suppression hearing, Sergeant Rosenquist testified that he was unaware that Mr. Joseph reported having consumed alcohol and that Mr. Joseph was responsive and cooperative. Officer Long recalled that Mr. Joseph appeared coherent and normal.

Finally, and perhaps most importantly, Mr. Joseph's prior arrest history suggests that Mr. Joseph is familiar with the criminal justice system generally and with *Miranda*

warnings particularly. At the suppression hearing, the parties stipulated that Mr. Joseph received *Miranda* warnings during three prior arrests and that he acknowledged that he understood those warnings.

Based upon a consideration of the totality of the circumstances as a whole, the Court concludes that the Government has met its heavy burden of overcoming the presumption against finding waiver of Mr. Joseph's *Miranda* rights and therefore declines to suppress Mr. Joseph's statements.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion in limine to Suppress Statements (Dkt. 15) is **DENIED**.

DATED this 1st day of April, 2008.

                                        BENJAMIN H. SETTLE
                                        United States District Judge