UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

ALVIN A. JOSEPH,

          Defendant.

CASE NO. CR08-5012BHS

ORDER RE GOVERNMENT'S
NOTICE OF INTENT TO
INTRODUCE OTHER
CRIMES EVIDENCE AND
DENYING GOVERNMENT'S
MOTION IN LIMINE

This matter comes before the Court on the Government's Notice of Intent to

Introduce Other Crimes Evidence (Dkt. 36) and the Government's Motion in Limine as to

Evidence or Mention of Prior Criminal History of Person Not a Trial Witness (Dkt. 38).

The Court has considered the pleadings filed in support of and in opposition to the notice

and motion, the argument of counsel at the pretrial conference, the parties' supplemental

briefing, and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A pretrial conference was held in this matter on March 27, 2008. Dkt. 34. The

parties sought rulings on two evidentiary issues, and the Court invited the parties to

submit further briefing.

First, the Government has filed a Notice of Intent to Introduce Other Crimes

Evidence (Dkt. 36), indicating that the Government will seek to introduce evidence of Mr.

Joseph's prior arrests on September 30, 2004, July 25, 2001, and January 19, 1999. Dkt.

36 at 1-3. The Government describes the arrests as follows:

ORDER - 1

1     On September 30, 2004, Mr. Joseph was approached by a marked police car during

2 an apparent crack cocaine deal and was observed throwing a "bindle" to the ground when

3 he saw the car. Later, police discovered that the bindle contained cocaine.

4     On July 25, 2001, police followed a vehicle traveling at a high rate of speed and

5 leaving an area where gunfire was heard. When the vehicle pulled over, Mr. Joseph fell

6 out of the backseat of the car and ran. While running, Mr. Joseph was observed throwing

7 a silver object. Police recovered a silver handgun from the area. Later, while detained in a

8 police vehicle, Mr. Joseph threw or tossed cocaine out of an open window.

9     Finally, on January 19, 1999, police responded to a report of armed robbery. Mr.

10 Joseph was identified by one of the victims and began to run. Once apprehended, Mr.

11 Joseph told police that the victims were angry with him because he had sold them fake

12 cocaine. Police recovered cocaine from the rooftop near where Mr. Joseph had been

13 running. Mr. Joseph told police he had thrown the cocaine. In his plea agreement, Mr.

14 Joseph agreed that he "displayed what appeared to be a deadly weapon," but police

15 apparently did not recover a gun from the scene.

16     Second, the Government moves to exclude evidence of the criminal history of

17 James St. Clair, the driver of the vehicle believed to be stolen at the time of Mr. Joseph's

18 arrest. Dkt. 38.

19 **II. DISCUSSION**

20     Evidence of other crimes or wrongs is inadmissible to prove a person's character

21 in order to show that a person acted in conformity with that character.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

ORDER - 2

1    Fed. R. Evid. 404(b). To determine whether such evidence is admissible, courts consider

2    whether (1) evidence tends to prove a material issue; (2) the prior act is remote in time;

3    (3) there is sufficient evidence to support a finding that the defendant committed the prior

4    act; and (4) if knowledge and intent are at issue, whether the act is similar to the offense

5    charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

6         If the evidence serves a permissible purpose under Rule 404(b), exclusion of the

7    evidence may be justified under Rule 403 if the evidence threatens to cause unfair

8    prejudice, confuse the issues, mislead the jury, cause undue delay, or present cumulative

9    evidence. *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007); Fed. R. Evid. 403.

10   Merely inflammatory evidence need not be excluded under Rule 403; to fall within the

11   rule, the evidence must have a tendency to entice the jury to decide the case on an

12   improper basis. *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004).

13        The Government moves to exclude evidence of James St. Clair's criminal history

14   under Federal Rules of Evidence 608 and 609, which concern witness' credibility and

15   character for truthfulness. Defendant contends that evidence of Mr. St. Clair's criminal

16   history will not be used to impeach Mr. St. Clair and therefore is not governed by Rules

17   608 and 609.

18        Although perhaps not explicitly, the Government contends that evidence of Mr. St.

19   Clair's prior criminal history constitutes inadmissible character evidence under Rule

20   404(b). *See* Dkt. 38 at 2 ("In other words, use his record as 'propensity' evidence, which

21   is prohibited by the Rules of Evidence."). The Government also contends that evidence of

22   Mr. Joseph's criminal history is relevant to proving identity, knowledge, motive, or

23   absence of mistake. Dkt. 36 at 7.

24        By its very terms, Rule 404(b) is not limited to the character evidence of witnesses

25   or defendants. Fed. R. Evid. 404(b); *U.S. v. McCourt*, 925 F.2d 1229 (9th Cir. 1991)

26   (holding, as a matter of first impression, that Rule 404(b) applies regardless of whether

27   "other crimes" evidence is offered by the defendant or by the prosecution). When

28

ORDER - 3

1  evidence of a third party's other crimes, wrongs, or acts is offered to suggest to the jury

2  that the third party is culpable, the evidence must still satisfy Rules 404(b) and 403. *See*

3  *U.S. v. Bowman*, 215 F.3d 951, 962 (9th Cir. 2000) ("While we have recognized that

4  'other crimes' evidence of third party culpability may be introduced under Rule 404(b) if

5  there are distinctive similarities between the crime charged and the other robberies, such

6  evidence may still be excluded if it is insufficiently probative in light of its prejudicial

7  effect under Rule 403."); *see also U.S. v. Crosby*, 75 F.3d 1343, 1347 (9th Cir. 1996)

8  (reviewing evidence that someone other than the defendant had the "opportunity, ability

9  and motive to commit the crime" under Rule 403).

10  **A.      ADMISSIBILITY UNDER RULE 404(b)**

11  In this case, Mr. Joseph seeks to offer evidence that Mr. St. Clair had a prior felony

12  conviction to establish Mr. St. Clair's motive for telling the police that the gun belonged

13  to Mr. Joseph. More specifically, Defendant seeks to create reasonable doubt as to

14  whether he possessed the gun by contending that Mr. St. Clair possessed the gun, that it

15  was illegal for Mr. St. Clair to possess the gun because he too has a prior felony

16  conviction, and that Mr. St. Clair was motivated to lie about Mr. Joseph to avoid being

17  arrested for his possession of the gun. In this sense, Mr. St. Clair's prior felony

18  convictions are offered not to prove propensity but to prove that Mr. St. Clair had a

19  motive to lie to police. This is a permissible purpose under Rule 404(b). Though not

20  explicitly offered for this purpose, evidence of Mr. Joseph's criminal history would also

21  establish Mr. Joseph's motive to lie to police about the gun and therefore is admissible

22  under Rule 404(b).

23  Defendant also offers Mr. St. Clair's prior possession of weapons to suggest that

24  he possessed a weapon on the day of Mr. Joseph's arrest. Dkt. 42 at 10-11. This amounts

25  to nothing more than propensity or character evidence. As Rule 404(b) does not

26  distinguish between evidence offered by defendants, Mr. St. Clair's prior convictions are

27  inadmissible for this purpose.

28

## B.    ADMISSIBILITY UNDER RULE 403

Having determined that evidence of Defendant's and Mr. St. Clair's criminal histories is not barred by Rule 404(b) if offered to prove motive for lying to police, the Court must determine whether exclusion of the evidence is nevertheless warranted under Rule 403.

While evidence of Mr. Joseph's criminal history is permissible under Rule 404(b), the probative value of the evidence is substantially outweighed by the risk that the jury will use the evidence to infer that Mr. Joseph possessed the gun merely because of his prior criminal history. Exclusion of Mr. Joseph's criminal history is therefore justified under Rule 403. At trial, the Government will not be permitted to introduce evidence of Mr. Joseph's prior arrests for this purpose.

In weighing the probative value of the evidence of Mr. St. Clair's criminal history and the risk of undue prejudice, the Court notes that the evidence is offered by Defendant against a person who is not a party to this case and whose liberty and freedom are therefore not at stake. The Court therefore concludes that the risk of prejudice is slight as compared to the probative value of the evidence and the evidence need not be excluded under Rule 403.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Government's Motion in Limine as to Evidence or Mention of Prior Criminal History of Person Not a Trial Witness (Dkt. 38) is **DENIED**.

DATED this 4th day of April, 2008.



BENJAMIN H. SETTLE
United States District Judge

ORDER - 5